**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Maryelizabeth Aguado, Sheila Pilat, | No. CV 09-1390-PHX-MHM |
| Plaintiffs, | **ORDER** |
| vs. | |
| First Magnus Financial Corporation, JPMorgan Chase Bank, N.A., Mortgage Electronic Registration Systems, Inc., America's Servicing Company, Deutche Bank National Trust Company, New Century Mortgage Corporation, | |
| Defendants. | |

Defendants JPMorgan Chase Bank, N.A. and Mortgage Electronic Registration Systems, Inc. filed a Motion to Dismiss on July 14, 2009 (Dkt.#5) On September 2, 2009, the same Defendants filed a Motion for Summary Ruling (Dkt.#13) regarding the Motion to Dismiss. As they pointed out, Plaintiffs' Response was due on July 31, 2009. They also cited to Local Rule 7.2(i), which provides that when no opposing motion is timely filed, "such noncompliance may be deemed a consent to the denial or granting of the motion and the court may dispose of the motion summarily." (Dkt.#13 at 1-2) Defendants requested that the Court grant their motion, dismiss the case with prejudice, and award their costs and attorneys' fees. (Id.)

On August 28, 2009, Defendants Wells Fargo Bank, N.A. and Deutche Bank National Trust Company filed a separate Motion to Dismiss (Dkt.#12). On September 28, 2009, these

1 | same Defendants also filed a request for a summary ruling, citing to Local Rule 7.1(i) and emphasizing that the text of this rule makes it clear that the rule also applies "unrepresented part[ies]." (Dkt.#14)

On October 23, 2009, the Court ordered Plaintiffs to file a responsive memorandum to Defendants' Motions to Dismiss no later than November 16, 2009. As of this date, no responsive memorandum has been filed. LRCiv 7.2(i) provides in part if the opposing party "does not serve and file the required answering memorandum, ...such non-compliance may be deemed a consent to the denial or granting of the motion and the Court may dispose of the motion summarily."

"Failure to follow a district court's local rules is a proper ground for dismissal." Ghazali v. Moran, 46 F.3d 52, 53 (9th Cir. 1995) (citing U.S. v. Warren, 601 F.2d 471, 474 (9th Cir. 1979)). "Although we construe pleadings liberally in their favor, pro se litigants are bound by the rules of procedure." Id. at 54 (citing King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987)). "Before dismissing the action, the district court is required to weigh several factors: '(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the [party seeking dismissal]; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions.'" Id. at 53 (quoting Henderson v. Duncan, 779 F.2d 1421, 1423 (9th Cir. 1986)). "The first two of these factors favor the imposition of sanctions in most cases, while the fourth cuts against a default or dismissal sanction. Thus the key factors are prejudice and availability of lesser sanctions." Wanderer v. Johnston, 910 F.2d 652, 656 (9th Cir. 1990).

The dismissal factors in this case are similar to those present in Ghazali. In that case, the Ninth Circuit upheld summary dismissal of a 42 U.S.C. § 1983 action for the failure to follow a Nevada district court local rule. Ghazali, 46 F.3d at 53. The Nevada rule, like Local Rule 7.2(i), considered the failure to file a response to a motion to "constitute a consent to the granting of the motion." Id. (quoting D. Nev. R. 140-6). The Court reasoned that the dismissal was proper because the pro se plaintiff was bound by the rules of procedure, and

was given notice of the motion and ample time to respond. Id. at 54 (citing King, 814 F.2d at 567).

Similarly, Plaintiffs in this case have not responded despite receiving notice of both Defendants' Motion to Dismiss and motions for summary disposition. (Dkt.#13,14) Further, the motions specifically warned that the lack of a timely response may be deemed a consent to the granting of the motion and the Court may dispose of the motion summarily. While the public policy favoring resolution on the merits weighs against dismissal, it is no more compelling here than it was in Ghazali. As noted in Wanderer, the first two factors—expeditious resolution and docket management—generally favor dismissal. Wanderer, 910 F.2d at 656. They weigh especially heavily here because of Plaintiffs' total failure to respond to three dispositive motions. The third and fifth factors that Wanderer emphasized—prejudice and availability of other sanctions—are virtually identical to those present in Ghazali, because that case involved a pro se litigant in exactly the same procedural position as Plaintiff. Thus, under Ghazali, dismissal of Plaintiffs' case under the local rule is justified. Pursuant to LRCiv 7.2(i), the Court deems Plaintiffs' failure to serve and file the required answering memorandum a consent to the granting of the Defendants' Motions to Dismiss. Moreover, given the statute of limitations and standing issues raised by Defendants in their Motions to Dismiss, it appears that granting Plaintiffs leave to amend the Complaint under Federal Rule of Civil Procedure 15(a) would be futile.

**Accordingly,**

**IT IS HEREBY ORDERED** granting Defendants' Motions to Dismiss. (Dkt.# 5, 12).

**IT IS FURTHER ORDERED** dismissing this case with prejudice.

**IT IS FURTHER ORDERED** granting Defendants' Motion for Summary Ruling (Dkt.#13) and denying the request for attorneys' fees and costs contained therein without prejudice to Defendants moving, consistent with the Local Rules, for attorneys' fees and costs pursuant to Rule 83.

/ / /

**IT IS FURTHER ORDERED** granting Defendants' Motion for Ruling Re: Motion to Dismiss (Dkt.#14).

**IT IS FURTHER ORDERED** directing the Clerk of Court to close this case.

DATED this 17th day of November, 2009.

_____
Mary H. Murguia
United States District Judge