**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| MARY ELIZABETH AGUADO; SHEILA PILAT,<br><br>　　　　Plaintiffs,<br><br>v.<br><br>FIRST MAGNUS FINANCIAL CORPORATION; JP MORGAN CHASE BANK, NA; MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.; AMERICA'S SERVICING COMPANY; DEUTSCHE BANK NATIONAL TRUST COMPANY; NEW CENTURY MORTGAGE CORPORATION,<br><br>　　　　Defendants. | No. CV 09-1390-PHX-MHM<br><br>**ORDER** |

Currently pending before the Court is Defendants' Motion for Attorneys' Fees and Non-Taxable Expenses. (Dkt. #18). Plaintiff has not responded. After reviewing the motion and pertinent case law, the Court enters the following order.

**I.　BACKGROUND**

On June 15, 2009, Plaintiffs Maryelizabeth Aguado ("Aguado") and Sheila Pilat ("Plaintiff")[1] filed a complaint against Defendants First Magnus Financial Corporation, JP

---

[1] Defendants' Motion for Attorneys' Fees and Non-Taxable Expenses is directed against Plaintiff Pilat only, not Plaintiff Aguado; therefore, all subsequent references to "Plaintiff" refer to Sheila Pilat.

1  Morgan Chase Bank, NA, Mortgage Electronic Registration Systems, Inc., America's
2  Servicing Company, and Deutsche Bank National Trust Co. (Dkt. # 1). Plaintiff's complaint
3  against Defendants America's Servicing Company and Deutsche Bank National Trust
4  Company ("Defendants") asserted claims of (1) violations of the Truth in Lending Act, 15
5  U.SC. §§ 1601, *et seq.*, and Regulation Z, 12 C.F.R §§ 226, *et seq.* ("TILA"); (2) Violations
6  of the Real Estate Settlement Procedures Act, 12 U.S.C §§ 2601, *et. seq.* ("RESPA"); (3)
7  violations of the Home Ownership Equity Protection Act, 15 U.S.C. §§ 1639, *et seq.*
8  ("HOEPA"); (4) violations of the Fair Credit Reporting Act, 15 U.S.C. §§ 1681, *et seq.*,
9  ("FCRA"); and (5) Fraud.

10  On August 28, 2009, Defendants America's Servicing Company and Deutsche Bank
11  National Trust filed a Motion to Dismiss Plaintiff Pilat's First Amended Complaint. (Dkt.
12  #12). Plaintiff did not file a response. Defendants subsequently filed a Request for Summary
13  Ruling Re: Defendant's Motion to Dismiss Plaintiff Pilat's First Amended Complaint on
14  September 28, 2009 to which Plaintiff also did not respond. (Dkt. #14). The Court then
15  entered an order requesting that Plaintiff file a response to the Defendant's Motion to Dismiss.
16  (Dkt. #15).

17  On November 20, 2009, following a lack of response despite the Court's order, the
18  Court granted Defendants' Motion to Dismiss with prejudice. (Dkt. #16). The Court further
19  granted Defendants' Request for Summary Ruling Re: Motion to Dismiss. (Id.).

20  On December 2, 2009, Defendants filed a Motion for Attorneys' Fees and Non-Taxable
21  Expenses. (Dkt #18).

22  **II.   MOTION FOR ATTORNEYS' FEES**

23  Defendant moves the Court for an award of attorneys' fees in the amount of $14,698.74
24  pursuant to Fed. R. Civ. P. 54(d)(2), LRCiv. P. 54.2, and A.R.S. § 12-341.01. (Dkt#18).

25  A party moving for attorney's fees must establish that it is eligible and entitled to an
26  award, and that the requested award is reasonable. See LRCiv. P. 54.2(c). A successful party
27  is eligible for an award of reasonable attorneys' fees, in an action arising out of a contract,

pursuant to A.R.S. § 12-341.01(A). The Court may consider the following the factors in determining whether awarding fees is appropriate: (1) whether the unsuccessful party's claim or defense was meritorious; (2) whether the litigation could have been avoided or settled and the successful parties' efforts were completely superfluous in achieving the result; (3) whether assessing fees against the unsuccessful party would cause extreme hardship; (4) whether the successful party prevailed with respect to all of the relief sought; (5) whether the legal question presented was novel and whether such claim or defense has previously been adjudicated in this jurisdiction; and (6) whether the award would discourage other parties with tenable claims or defenses from litigating or defending legitimate contract issues for fear of incurring substantial amounts of attorneys' fees. Associated Indem. Corp. v. Warner, 143 Ariz. 567, 570; 694 P.2d 1181, 1184 (1985).

Here, Defendants' Motion for Attorneys' Fees states that, "as the successful parties, [they] are entitled to recover the total amount of $14,698.74 for their reasonable attorneys' fees and recoverable expenses." (Dkt. #19, p.2). As to the first factor, the Court has never addressed the merits of the Plaintiff's claims because the Court granted Defendants' motion to dismiss based on Plaintiff's failure to respond. However, Plaintiff's claims do not seem meritorious given Plaintiff's thinly pled complaint and the statute of limitations and standing issues raised by Defendants in their Motion to Dismiss. Thus, the first factor guiding the court's discretion weighs in favor of awarding attorneys' fees.

As to the second factor, the Defendants assert that litigation could not have been avoided due to Plaintiff's initiation of litigation and subsequent unresponsiveness. Considering that Defendants would not have expended time and money on attorneys but for the Plaintiff's filing of this action, this factor weighs in favor of awarding fees. Moreover, the Defendants attempted to curtail further litigation by filing a Motion to Dismiss, to which the Plaintiff also did not respond. (Dkt. #12). As to the third factor, Defendants contend that it should not be considered absent evidence of extreme hardship for Plaintiff to pay attorneys' fees. (Dkt. #19, p.4). The Court does consider Plaintiff's pro se status as relevant, though her

status alone is not dispositive nor does it prohibit the Court from awarding fees. Chaurasia v. Gen. Motors Corp., 212 Ariz. 18, 29; 126 P.3d 165, 176 (2006). Because nothing in the record provides the Court with insight into the Plaintiff's personal finances or reasons for her pro se status at this time, this factor remains neutral.

Even though the court granted dismissal on a procedural issue, it can still be said that the Defendants "prevailed with respect to all the relief sought" because they are, in fact, the prevailing party and they responded accordingly to Plaintiff's complaint. Thus, the fourth factor weighs in favor of awarding attorneys' fees. The fifth factor–existence of a novel legal question–on the other hand, stands neutral because the Plaintiff's claims did not necessarily present any novel legal issues.

Lastly, the sixth factor–whether awarding fees would encourage or discourage similar litigation–weighs strongly in favor of awarding attorneys' fees given the history and outcome of this case. Despite the Plaintiff's initiation of this lawsuit, she has completely failed to respond to any motions, including Defendants' Motion for Attorneys' Fees. Denying a fees award to Defendants, then, could potentially encourage the filing and abandonment of meritless lawsuits.

Having considered the Plaintiff's seemingly meritless claims, her unresponsiveness, and the Defendants' efforts to curtail further litigation, the court finds that awarding attorneys' fees in this case is appropriate.

Defendants have supported their motion with a memorandum of points and authorities, a separate statement of consultation, a task-based itemized statement of fees and expenses, and the accompanying affidavit as required under LRCiv. 54.2(c)-(d). Defendants' counsel has filed affidavits attesting to each of their backgrounds, experience, and contributions to this case, as well as to the reasonableness of the amounts requested. Ms. Colleen Schiman billed at $185 per hour in 2009 and $200 per hour in 2010 for approximately 30 hours of work. Ms. Jennifer Nore billed at $485 per hour for approximately 14 hours of work. They have both noted that the hourly rates are representative of the typical hourly rates that would

be charged by a lawyer with similar experience and credentials in a similar matter and that Defendants agreed to pay these rates.

The Court has reviewed the information submitted in support of the Defendants' motion for attorneys' fees and expenses. A "reasonable fee" includes work which "would have been undertaken by a reasonable and prudent lawyer to advance or protect his client's interest." <u>Schweiger v. China Doll Rest., Inc.</u>, 138 Ariz. 183, 188; 673 P.2d 927, 932 (App. 1983). In reviewing the reasonableness of the fees, the court may consider (1) the qualities of the advocate, (2) the character of the work to be done, (3) the work actually performed and the skill, time, and attention given to the work; and (4) the result. <u>Id</u>. at 187. Moreover, Local Rule Civ. 54.2(e)(2)(B) provides that time entries relating to legal research "must identify the *specific legal issue* researched and, if appropriate, should identify the pleading or document the preparation of which occasioned the conduct of the research. Time entries simply stating "research" or "legal research" are inadequate and the court may reduce the award accordingly." LRCiv. P. 54.2(e)(2)(B) (emphasis added).

Here, Defendants' counsel filed two motions – a Motion to Dismiss and a Request for Summary Ruling– which Defendants have been billed $14, 698.74 and of which $2,000 are paraprofessional fees and administrative costs. A review of administrative time entries reveals that the date and amount are identified, but the description is limited to merely "Westlaw Research." (Dkt. #19, p.11). Also, the scanning, copying, and printing charges are seemingly inconsistent and there is no explanation for the differences in the same "Printing," "Scanning," or "Photocopying" labels. Accordingly, costs should be reduced by $500.24, as well as $1,512 in paraprofessional fees, whose rates and credentials are neither supported nor explained.

Certainly, the conferences, motion drafts, phone calls, and correspondence performed by Defendants' counsel are expected by a "reasonable and prudent lawyer," but the fact remains that Defendants' success in the outcome of this case is largely due to Plaintiff's inaction. Thus, ordering Plaintiff to pay almost $15,000 in attorneys' fees when a case has

- 5 -

not been decided on the merits is an unreasonable penalty for work on two motions, one of which is a standard Request for Summary Ruling. Accordingly, the remaining $12,686.50 in attorneys' fees should be reduced by $1,153, which is the sum of the fees that were incurred after Defendants' counsel filed the motion to dismiss. These fees mostly dealt with drafting, reviewing, and editing the Request for Summary Ruling – a one-page document that does not seem tailored to this case– as well as with several meetings to "Strategize Re Status and Next Steps." (Dkt. #19, p.11). Because the Court would have nonetheless dismissed the case in a default judgment against the Plaintiff due to her unresponsiveness, both the Request for Summary Ruling and the strategy meetings had no effect on the granting of the dismissal and, thus, were not necessary to obtain the overall relief sought. Accordingly, the fees incurred for this nonessential work will be deducted from the award requested.

Therefore, the court finds that $11,533.50 is a just amount that would both alleviate Defendants' costs and deter the Plaintiff from initiating and abandoning litigation.

**Accordingly,**

**IT IS HEREBY ORDERED** granting Defendants' Motion for Attorneys' Fees in the amount of $11,533.50 against Plaintiff Pilat. (Dkt. #18).

DATED this 25th day of June, 2010.

_____
Mary H. Murguia
United States District Judge